**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **ANSLEM S. IFILL** | : | **DOCKET NO. 2:06-cv-1591**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **ALBERTO GONZALES, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

**REPORT AND RECOMMENDATION**

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Anslem S. Ifill, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner was ordered removed from the United States on December 7, 2004 by an immigration judge in Oakdale, Louisiana. He appealed this decision to the Board of Immigration Appeals, and his appeal was dismissed March 31, 2005. Petitioner then appealed his removal order to the United States District Court for the Eastern District of New York. On June 14, 2005, the district court in New York granted petitioner's motion to stay his removal and transferred the appeal to the United States Fifth Circuit Court of Appeals. *See Ifill v. Gonzales*, 05-60558 (5th Cir. ).[1] While his appeal was pending, petitioner filed a petition for writ of *habeas corpus* with the United States District Court for the District of Columbia. By order dated September 18, 2006 that court transferred the petition to this court where it was received and filed on September 26, 2006.

---

[1]On September 26, 2006, the Fifth Circuit affirmed the decision of the BIA finding petitioner removable as charged and rejecting petitioner's arguments that he has established a *prima facie* case for naturalization and that he is not subject to deportation as a "national" of the United States. *Ifill v. Gonzales*, 05-60558 (5th Cir. 9/26/2006). Additionally, the Fifth Circuit noted that its decision effectively dissolved the stay of removal.

In this *habeas* petition, petitioner claims that he is not subject to deportation because of his combat duty during the Gulf War. *See* INA § 329; Executive Order 12939. He seeks declaratory relief recognizing him as a United States citizen and injunctive relief preventing his removal.

## LAW AND ANALYSIS

**Jurisdiction**

As a threshold matter, this court must consider its jurisdiction to review petitioner's challenge to his removal order.

On May 11, 2005, President Bush signed into law the "REAL ID Act of 2005. *See* Pub.L.No.109-13, Div. B, 119 Stat. 231.[2] Section 106 of this Act specifically addresses judicial review of removal orders. Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a)[3] to clarify that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order. These jurisdictional amendments became effective upon enactment of this Act. *See* § 106(b).

In light of this recent legislation, the undersigned finds that this court lacks jurisdiction to consider petitioner's *habeas corpus* petition which challenges his removal order. This court also lacks jurisdiction to grant petitioner a stay of removal. INA § 242(g); *Idokogi v. Ashcroft*, 66

---

[2]The "Real ID Act of 2005" is Division B of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005" (Public Law 109-13).

[3]Section 106(a)(1)(A)(iii) of the Real ID Act adds the following language to INA § 242(a):
(5) EXCLUSIVE MEANS OF REVIEW.-- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition filed in the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Fed.Appx. 526 (5th Cir. 2003).

Further, because this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case.[4] Thus, it is

RECOMMENDED that this petition be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 10, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[4]Section 106(c) of the Real ID Act states as follows:
(c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, **is pending in a district court on the date of the enactment of this division**, **then the district court shall transfer the case** (or the part of the case that challenges the order of removal, deportation, or exclusion) **to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act** (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply. (emphasis added).